# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

MARGAUX AMIE,

    Plaintiff,

vs.

KRAFT-SUSSMAN FUNERAL SERVICE, INC.,

    Defendant.

Case No. 2:18-cv-02131-GMN-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* [EFC NO. 1] AND COMPLAINT [EFC NO. 1-1]

Before the Court are Plaintiff Margaux Amie's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Amie's *in forma pauperis* application is granted. The Court, however, orders that Amie's complaint be dismissed without prejudice.

## DISCUSSION

Amie's filings present two questions: (1) whether she may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether her complaint states a plausible claim for relief. Each is discussed below.

**I.     Amie May Proceed *In Forma Pauperis***

Amie's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to her affidavit, Amie's monthly expenses exceed her income and she is behind on her rent. (ECF No. 1). Amie's application to proceed *in forma pauperis* is, therefore, granted.

1

## II. Section 1915(e) Screening

Because the Court grants Amie's application to proceed *in forma pauperis*, the Court must review her complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plaint statement of the grounds for the court's jurisdiction …[and]…a short and plain statement of the claim showing that the pleader is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Amie brings negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress claims against Defendant Kraft-Sussman Funeral Service ("Kraft-Sussman"). (ECF No. 1-1 at 1). Amie alleges that the Court has jurisdiction because the amount in controversy exceeds $75,000 and it is between residents of different states. (*Id.* at 1-2). According to the complaint, Kraft-Sussman was responsible for the funeral services of Donald Cooley. (*Id.* at 2). At the time of Cooley's death, he and Amie were in the process of divorcing, but the divorce was not finalized. (*Id.*). Members of Cooley's family and business associates told Kraft-Sussman that Cooley and Amie were divorced, which Kraft-Sussman accepted without taking steps to verify the information. (*Id.* at 2-3). As a result, Kraft-Sussman issued a death certificate stating Cooley was divorced, and Cooley's remains were disposed of without Amie's input. (*Id.*). Amie alleges that Kraft-Sussman's actions (1) deprived her of "the right to plan and implement final arrangements for Colley as his widow, " (2) "inhibited [her] ability to settle Colley's estate, and (3) marred [her] emotionally and left her grief stricken." (*Id.* at 3).

Amie's allegations regarding Kraft-Sussman's conduct could potentially support claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. In

2

a negligence claim, a plaintiff must establish "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Contreras v. Am. Family Mut. Ins. Co.*, 135 F. Supp. 3d 1208, 1220 (D. Nev. 2015) (quoting *Sanchez ex rel. Sanchez v. Wal–Mart Stores, Inc.,* 125 Nev. 818, 221 P.3d 1276, 1280 (2009)). Courts in Nevada have recognized a duty by entities providing mortuary services to avoid harm to family members. *Boorman v. Nevada Mem'l Cremation Soc'y, Inc*., No. 2:07-cv-00706-PMP-GWF, 2008 WL 11388665, at *6 (D. Nev. Sept. 25, 2008). "To state a claim for intentional infliction of emotional distress under Nevada law, a plaintiff must allege '(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation.'" *Tarr v. Narconon Fresh Start*, 72 F. Supp. 3d 1138, 1142 (D. Nev. 2014) (quoting *Welder v. Univ. of S. Nevada,* 833 F.Supp.2d 1240, 1245 (D.Nev.2011)). It is possible that Kraft-Sussman's conduct, as alleged by Amie, could constitute a breach of its duty in providing funeral services and outrageous conduct with a reckless disregard for causing emotional distress.

However, the Court finds the Amie has not sufficiently alleged her damages in this case. Both intentional and negligent infliction of emotional distress claims requite allegations of severe emotional distress. *Id.*; *Ferm v. McCarty*, No. 2:12-cv-00782-RFB, 2014 WL 6983234, at *7 (D. Nev. Dec. 9, 2014). "General physical or emotional discomfort is insufficient to demonstrate severe emotional distress." *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1268 (D. Nev. 2001). In negligent infliction of emotional distress claims, "if 'emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of "serious emotional distress" causing physical injury or illness must be presented.'" *Ferm*, 2014 WL 6983234 at *7 (quoting *Barmettler v. Reno Air, Inc*., 956 P.2d 1382, 1387 (Nev.1998)).

3

In her complaint, Amie alleges that she was emotionally marred, left grief-stricken, and has suffered severe emotional distress. (ECF No. 1-1 at 3-4). She does not allege specific facts or examples of her emotional distress. *See Burns*, 175 F. Supp. 2d at 1268-69 (listing symptoms such as headaches and depression and consequences such as psychiatric treatment and taking time off work that demonstrating severe emotional distress). This is not sufficient to support intentional or negligent infliction of emotional distress claims. In addition, it does not support Amie's assertion that the amount in controversy in this case exceeds $75,000, which is critical to this Court's jurisdiction. (ECF No. 1-1 at 1). "Even if a complaint alleges the correct jurisdictional amount, a district court lacks jurisdiction where it appears to a legal certainty that the claim is really for less." *Charles N. Belssner v. Autodynamics*, No. 2:15-cv-02128-GMN-PAL, 2017 WL 1317018, at *2 (D. Nev. Mar. 3, 2017). "[W]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value." *Smith v. Keefe Commissary Network, Ltd.*, No. 2:16-CV-01530-SI, 2016 WL 10637117, at *1 (D. Or. Nov. 4, 2016) (quoting *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982)).

Therefore, Amie's complaint is hereby dismissed without prejudice. This will allow Amie the opportunity to include necessary details regarding her emotional distress damages, which will assist the Court in determining whether it has jurisdiction in this case.

Accordingly, and for good cause shown,

IT IS ORDERED that Amie's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Amie is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order

granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Amie's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Amie's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Amie has until January 4, 2019 to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice of the complaint.

IT IS FURTHER ORDERED that if an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

*///*

*///*

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 29th day of November, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE