**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MARGAUX AMIE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KRAFT-SUSSMAN FUNERAL SERVICE, INC., *et al.,*<br><br>　　　　　　Defendants. | Case No. 2:18-cv-02131-GMN-VCF<br><br>**ORDER**<br><br>Amended Complaint [EFC No. 5] |

　　Before the Court is Plaintiff Margaux Amie's Amended Complaint. (ECF No. 5). For the reasons stated below, the Court orders that the Clerk issue Summons so the case may proceed in the normal course.

　　The Court previously granted Amie's application to proceed *in forma pauperis* and dismissed her complaint without prejudice. (ECF No. 3). The Court held that Amie did not sufficiently allege damages, which impacted the Court's analysis of its jurisdiction over the matter and the merits of Amie's claims. (*Id.* at 3-4).

　　Amie's amended complaint brings negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress claims against Defendant Kraft-Sussman Funeral Service ("Kraft-Sussman"). (ECF No. 5 at 1). Amie asserts that the Court has jurisdiction because the amount in controversy exceeds $75,000 and it is between residents of different states. (*Id.* at 1-2). Amie alleges that Kraft-Sussman handled the funeral services of Amie's husband without her input and issued a death certificate containing incorrect information. (*Id.* at 2-3). As a result, Amie has suffered "severe emotional distress" resulting in "loss of appetite and weight fluctuations," "depression, sleeplessness, anxiety, and migraine headaches on a weekly basis." (*Id.* at 3). Amie "has been forced to seek the services of a psychiatrist," which she estimates could cost over $100,000 over the next few years. (*Id.*).

1

Because the Court granted Amie's application to proceed *in forma pauperis*, the Court must review her complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the grounds for the court's jurisdiction …[and]…a short and plain statement of the claim showing that the pleader is entitled to relief."

As discussed in the Court's previous screening order (ECF No. 3 at 2-3), Amie's allegations regarding Kraft-Sussman's conduct could potentially support claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. It is possible that Kraft-Sussman's conduct, as alleged by Amie, could constitute a breach of its duty in providing funeral services and outrageous conduct with a reckless disregard for the foreseeable consequences of its actions.

In addition, Amie's amended complaint contains sufficient allegations regarding damages. Amie asserts she has suffered severe emotional distress resulting in physical symptoms. *See Ferm v. McCarty*, No. 2:12-cv-00782-RFB, 2014 WL 6983234, at *7 (D. Nev. Dec. 9, 2014); *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1268 (D. Nev. 2001). Amie has also supported her assertion that the amount in controversy in this case exceeds $75,000 based on her estimate of the cost of the psychiatrist's services.

At this initial stage, the Court concludes that Amie's amended complaint satisfies the Rule 8 requirements. The amended complaint contains a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of the claim showing that the pleader is entitled to relief.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Clerk of Court issue Summons to the Defendant in this case.

IT IS FURTHER ORDERED that the Clerk of the Court mail a copy of the *pro se* packet to Amie. Information regarding Summons can be found on page four of the packet.

IT IS FURTHER ORDERED that from this point forward, Amie must serve upon Defendant, or its attorney if it has retained one, a copy of every pleading, motion, or document submitted for consideration by the Court. Amie must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendant or its counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 4th day of January, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE