**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARGAUX AMIE, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:18-cv-02131-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| KRAFT-SUSSMAN FUNERAL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

Pending before the Court are the Motions to Dismiss, (ECF Nos. 8, 15), filed by Defendant Kraft-Sussman Funeral Service, Inc. ("Defendant"). Plaintiff Margaux Amie ("Plaintiff") filed Responses, (ECF Nos. 12, 19), and Defendant filed Replies, (ECF Nos. 14, 21).[1] For the reasons stated herein, Defendant's Motions to Dismiss are **DENIED**.[2]

## I. BACKGROUND

This case arises out of Defendant's alleged mishandling of Donald R. Cooley Jr.'s remains. According to the Complaint, Donald R. Cooley Jr. ("Cooley") passed away on March 8, 2018. (Am. Compl. ¶ 7, ECF No. 5). At the time of Cooley's death, Plaintiff alleges that she had filed for divorce and was living separately in Los Angeles, California, but was still legally married to Cooley. (*Id.*).

On or about March 9, 2018, Plaintiff alleges that Cooley's remains were delivered to Defendant for funeral services. (*See id.* ¶ 8). While on Defendant's premises, Plaintiff claims that Cooley's family members and business associates told Defendant that Plaintiff and Cooley

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Also before the Court is Plaintiff's Counter Motion to Amend, (ECF No. 20), which Plaintiff raises in the alternative. As the Court does not dismiss Plaintiff's Amended Complaint, the Court denies this motion as moot.

were divorced, which Defendant accepted as true without further verification. (*See id.* ¶ 9). As a result, Plaintiff alleges that Defendant permitted Cooley's family members and business associates to arrange for the disposal of Cooley's remains. (*Id.*). Defendant also allegedly issued a "false and fraudulent" death certificate, which indicated that Plaintiff and Cooley were legally divorced at the time of his death. (*Id.*).

Based on the foregoing, Plaintiff claims that Defendant deprived her the right to plan and implement final arrangements as Cooley's widow. (*Id.* ¶ 10). Additionally, Plaintiff claims that Defendant inhibited her ability to settle Cooley's estate. (*Id.*). This conduct allegedly caused Plaintiff severe emotional distress, including loss of appetite, weight fluctuations, depression, sleeplessness, anxiety, and migraine headaches. (*Id.* ¶ 11). In order to treat these symptoms, Plaintiff alleges that she has had to seek the services of a psychiatrist. (*Id.* ¶ 12).

On November 6, 2018, Plaintiff initiated the instant action against Defendant, raising claims for: (1) negligence; (2) intentional infliction of emotional distress ("IIED"); and (3) negligent infliction of emotional distress ("NIED"). (*Id.* ¶¶ 13–26). Defendant now moves to dismiss Plaintiff's case for failure to state a claim. (First Mot. to Dismiss, ECF No. 8).

## II. <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so

requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

## III. **DISCUSSION**

Defendant argues that Plaintiff has failed to plausibly allege her causes of action for the negligent handling of Cooley's remains. (First Mot. to Dismiss 3:17–23). Defendant raises three arguments in support of this assertion. First, Defendant argues that the Amended Complaint does not state the required elements to raise an emotional distress claim under Nevada law. (*Id.* 5:20–8:14). Second, Defendant argues that Plaintiff's claims are not cognizable because Cooley's remains were not "desecrated" as contemplated by Nevada law. (*Id.* 9:1–11:1). Lastly, Defendant argues that Plaintiff's claims all "effectively seek relief for conversion," which is not a recognized tort under Nevada law. (*Id.* 11:2–12:2). The Court addresses these arguments in turn.

### A. Emotional Distress Claims

Defendant argues that Plaintiff has failed to allege the required elements for her emotional distress claims. (*Id.* 5:20–22). In making this argument, Defendant relies on *Boorman v. Nevada Mem'l Cremation Soc'y*, in which the Nevada Supreme Court recognized "[a]n action for emotional distress resulting from the negligent handling of [a] deceased person's remains." (*Id.* 5:28–6:1); 236 P.3d 4, 8 (Nev. 2010). According to Defendant, *Boorman* requires that—at the time of the allegedly negligent handling—the plaintiff must have knowledge of both the at-issue person's death and the mortuary services being performed. (First Mot. to Dismiss 6:12–8:14). Defendant thus asserts that Plaintiff's Amended Complaint

is deficient because her allegations imply that she lacked knowledge of Cooley's death and Defendant's services until after Defendant disposed of his remains. (*See id.*).

As a preliminary matter, the Court addresses Defendant's presumption that *Boorman* controls each of Plaintiff's causes of action. In its Motion, Defendant asserts that Plaintiff's claims all hinge on her "emotional distress" and therefore function as one cause of action under *Boorman*. (*See id.* 5:24–27). Defendant thus does not analyze the individual elements of Plaintiff's separate claims. The Court rejects Defendant's reframing of Plaintiff's Amended Complaint as a single "emotional distress" cause of action. While *Boorman* clarified the "class of persons" who may bring certain emotional distress claims, the Court does not find that *Boorman* sought to consolidate all actions involving emotional distress under one claim. *Boorman*, 236 P.3d at 7. Rather, *Boorman* specifically dealt with a modified NIED framework for cases involving the mishandling of a person's remains. *Id.*; *see also Preiss v. Horn*, 533 F. App'x 715, 716 (9th Cir. 2013) (describing *Boorman* as addressing a "special type of NIED" claim). The Court therefore declines to interpret *Boorman* as subsuming Plaintiff's negligence and IIED claims.[3]

Turning to Plaintiff's NIED claim, the primary issue in *Boorman* was how far to extend the scope of a mortician's duty to third parties. Initially, the *Boorman* Court contemplated limiting a mortician's duty only to "the person with the right to dispose of the body." *Boorman*, 236 P.3d at 8. After deciding this rule would be too narrow, however, the *Boorman* Court determined that the class of potential plaintiffs should include "close family members who are aware of both the death of a loved one and that mortuary services were being performed." *Id.*

Defendant interprets *Boorman* as requiring all potential plaintiffs, including the person with the right to dispose of the body, to satisfy this "awareness" requirement. (First Mot. to

---

[3] To the extent Defendant argues that Plaintiff's negligence claim effectively restates her NIED claim, the Court disagrees. Although the negligence claim references emotional distress, Plaintiff also alleges general and special damages stemming from her inability to settle Cooley's estate. (*See* Am. Compl. ¶¶ 10, 17).

Page 5 of 9

Dismiss 6:12–8:14). The Court disagrees. Read in context, the *Boorman* Court began with the basic premise that a mortician has a duty to the person with the right to dispose of the body. *Boorman*, 236 P.3d at 8. In Nevada, this duty arises by operation of statute. *See* N.R.S. § 451.0254; N.R.S. § 451.660. The *Boorman* Court then decided against "limiting" recovery to only those in this select class and therefore created a more "expansive" avenue for close family members to raise such emotional distress claims. *See Boorman*, 236 P.3d at 8. In defining a mortician's duty to close family members, the Court does not find that *Boorman* intended to diminish the already established duty between a mortician and the person with the right to dispose of remains. These two duties arise independently from each other. [4]

As applied to the instant case, Plaintiff alleges that she was legally married to Cooley at the time of his death. (Am. Compl. ¶ 7). Plaintiff thus contends that she had "the right to plan and implement final arrangements for Cooley as his widow." (*Id.* ¶ 10). Taking these allegations as true, Defendant owed Plaintiff the requisite duty to sustain an NIED claim for the negligent mishandling of Cooley's remains. *See* N.R.S. § 451.0254. Plaintiff need not allege an additional duty through the "awareness" test detailed in *Boorman*. Accordingly, the Court rejects Defendant's argument on this issue.

### B. Desecration of the Remains

Defendant argues that Plaintiff's claims are incognizable because Defendant did not "desecrate" Cooley's remains as contemplated by Nevada law. (First Mot. to Dismiss 9:1–11:1). Relying again on *Boorman*, Defendant argues that "desecration" is meant to encompass activities "such as removing organs and harvesting body parts from a corpse." (*See id.* 9:16–

---

[4] This conclusion is further evidenced by *Boorman*'s discussion of emotional distress claims involving a county coroner. As to a county coroner, the court found a more "limited" duty than a mortician, stating that a county coroner only owes a duty to the person with the right to dispose of the remains. Critically, the court did not impose any additional "awareness" limitations on this class of plaintiffs. *See Boorman*, 236 P.3d at 9.

10:2).⁵ Defendant contends that the Amended Complaint does not allege desecration but rather focuses on "Defendant's alleged failure to '[f]irst inquire as to what Plaintiff's wishes may have been as it pertained to the disposal of Cooley's remains.'" (*Id.* 10:13–18). Defendant thus concludes that Plaintiff fails to state a claim under *Boorman*. (*Id.*).

As noted above, *Boorman* recognized "[a]n action for emotional distress resulting from the negligent handling of [a] deceased person's remains." *See Boorman*, 236 P.3d at 7. The focus in *Boorman* was therefore not on desecration, but rather more broadly on the "negligent handling" of a person's remains. *Id.* In Nevada, a mortuary owes a duty to competently prepare the decedent's body for the benefit of the bereaved. *See id.* Breach of this duty is an issue of fact and naturally depends on the particular expectations of the bereaved as to how the deceased's remains are to be prepared. *See Anderson v. Baltrusaitis*, 944 P.2d 797, 800 (Nev. 1997).

In this case, Plaintiff alleges that Defendant disposed of Cooley's remains without first inquiring as to her wishes. (Am. Compl. ¶¶ 9, 10). In doing so, Plaintiff alleges that Defendant deprived her of the right to make final arrangements for Cooley. (*Id.*). Construing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged that Defendant breached its duty to competently prepare Cooley's remains for the benefit of Plaintiff. *See Kaplan*, 792 F.2d at 898; s*ee* N.R.S. § 451.0254. The Court therefore rejects Defendant's argument.

**C. Conversion**

Defendant argues that the Amended Complaint should be dismissed because Plaintiff's claims "effectively seek relief for conversion," and Nevada law does not recognize conversion

---

⁵ Defendant again asserts that the Court should treat Plaintiff's claims as one cause of action because they "involve the same injury" and "identical duty." (First. Mot. to Dismiss 9:7–12). The mere fact that a plaintiff's claims arise from the same operative allegations does not prevent a plaintiff from raising distinct causes of action. The Court therefore rejects Defendant's argument.

of a deceased person's remains. (First Mot. to Dismiss 11:2–12:2). It is well-established that a plaintiff is the master of her complaint and may choose which claims to raise in an action. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 387 (1987). Here, Plaintiff did not assert a conversion claim nor does the Court find Plaintiff's three causes of action substantively equivalent to one. The Court therefore rejects Defendant's argument.

### D. Doe Pleading

Defendant argues that the Court should dismiss the Doe Defendants in this action. (First Mot. to Dismiss 12:4–9). Defendant correctly notes that use of "Doe" pleading is improper in federal court. *McMillan v. Department of Interior,* 907 F. Supp. 322, 328 (D. Nev. 1995). The Court grants Defendant's Motion in this limited respect and dismisses the Doe Defendants.

### E. Cost Bond

Defendant moves to dismiss the case under N.R.S. § 18.130 because Plaintiff did not pay the requisite security cost bond for non-resident litigants. (Second Mot. to Dismiss 3:13–20, ECF No. 15). According to Defendant, the cost bond was due by March 25, 2019. (*Id.*). Subsequent to the filing of Defendant's Motion, however, Plaintiff filed the appropriate proof of payment on the docket. (Certificate of Cash Dep., ECF No. 17). Defendant's Motion is therefore moot. *See Biscay v. MGM Resorts Int'l*, 352 P.3d 1148, 1150 (Nev. 2015) (stating that the plaintiff is free to file the cost security any time prior to dismissal).

///
///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motions to Dismiss, (ECF Nos. 8, 15), are **DENIED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that the "Doe" Defendants are dismissed from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Counter Motion to Amend, (ECF No. 20), is **DENIED without prejudice as moot**.

**DATED** this __26__ day of August, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge